United States District Court
Southern District of Texas
**ENTERED**
August 23, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-95-154 |
| | § | |
| JOSHUA MAZIQUE BURTON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Joshua Mazique Burton ("Defendant") was convicted of conspiracy to commit bank robbery and aiding and abetting bank robbery. On March 22, 1996, the court sentenced him to 137 months in prison to run consecutively to any prior undischarged term of imprisonment.[1] Before Defendant's trial and sentencing in this action he was convicted of aggravated robbery with a deadly weapon in the 182nd Judicial District Court of Harris County, Texas, and was sentenced to fifty years' imprisonment.[2] Defendant is currently serving his state sentence. Pending before the court are

---

[1] Judgment in a Criminal Case, Docket Entry No. 96. See Sentencing Minutes, Docket Entry No. 94 (stating that the court sentenced Defendant to 60 months' imprisonment on Count 1 and 137 months' imprisonment on Count 2 to run concurrently with each other, but consecutively to any prior undischarged term of imprisonment).

[2] See Presentence Investigation Report, Docket Entry No. 69, p. 8 ¶ 39.

Defendant's Motion to Amend the Federal Judgment and Commitment Order to Allow Defendant's Federal Sentence To Be Served Concurrently With His State Sentence and to Recommend that the State Institution Be Designated for Service of Said Concurrent Sentences ("Defendant's Motion") (Docket Entry No. 143); Government's Response to Defendant's Motion to Amend Judgment (Docket Entry No. 145); and Defendant's Rebuttal to Government's Response to Defendant's Motion to Amend Judgment (Docket Entry No. 148). Defendant requests that the court modify his sentence to allow his federal sentence to be served concurrently with his prior state sentence, that the state prison be designated for service of both sentences, or that he be given credit against his federal sentence for the time he has served in state custody. Having carefully considered the arguments presented by the parties, Defendant's Motion will be denied.

The court's authority to correct or modify a sentence is limited to the specific circumstances enumerated by Congress in 18 U.S.C. § 3582(c). See 18 U.S.C. § 3582(c); United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997) (discussing the circumstances under which a district court may modify a sentence); see also Dillon v. United States, 130 S. Ct. 2683, 2687 (2010) (applying one of the limited circumstances where sentence modification is permitted).

Section 3582(c) permits a court to modify a previously imposed sentence under the following circumstances: First, the court may

modify a defendant's sentence upon motion of the Director of the Bureau of Prisons (or the defendant after administratively appealing the Director's refusal to file such a motion) for the reasons outlined in § 3582(c)(1)(A)(I) and (ii). 18 U.S.C. § 3582(c)(1)(A). Second, the court may modify a defendant's sentence as expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure -- specifically, the court may correct a clerical error in the sentence[3] or reduce a sentence upon the Government's motion in the event that a defendant provides the Government with substantial assistance in investigating or prosecuting another person -- or as expressly permitted by statute. See 18 U.S.C. § 3582(c)(1)(B); Fed. R. Crim. P. 35. Third, the court may modify the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered, providing that any reduction in the defendant's sentence is consistent with the policy statements in the sentencing guidelines. 18 U.S.C. § 3582(c)(2).

None of the forms of relief requested by Defendant fall under any of § 3582(c)'s exceptions to the rule barring modification of a term of imprisonment. Nor has Defendant shown any basis for modifying his sentence under Fed. R. Crim. P. 35. Because the court lacks authority to modify Defendant's term of imprisonment or his sentence, Defendant's Motion to Amend the Federal Judgment and

---

[3]Under Rule 35 any clerical mistake must be corrected within 14 days of sentencing. See Fed. R. Crim. P. 35.

Commitment Order to Allow Defendant's Federal Sentence To Be Served Concurrently With His State Sentence and to Recommend that the State Institution Be Designated for Service of Said Concurrent Sentences (Docket Entry No. 143) is **DENIED**.

**SIGNED** at Houston, Texas, on this 23rd day of August, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE